## CLEARY v. FID. & CAS. CO. OF N. Y.

Ohio Appeals, 1st Dist., Hamilton Co.

No. 3104. Decided Jan. 3, 1928.

First Publication of this Opinion.

Syllabus by Editorial Staff.

297. CONTRACTS—292. Construction—625. Indemnity.

1. In construing written contract, other words cannot be read into it or added, nor can any be taken away.

2. Contract of indemnity, with amount and date of payment left blank, held unenforcible.

Error to Common Pleas.

Judgment reversed.

Chester S. Durr, Cincinnati, for Cleary.

Burch & Peters, and S. Giesmar, Cincinnati, for Fidelity Co.

### STATEMENT OF FACTS.

The Fidelity & Casualty Company of New York brought an action against Maurice D. Cleary on a contract of indemnity.

The pertinent part of the contract is:

1. That the Indemnitor, within thirty days after the execution of this agreement, shall and will pay the Company . . . dollars, unless the said amount is otherwise previously paid, and thereafter he shall and will pay a like amount within thirty days after the . . . day of . . . , in each year following the execution of this agreement, unless the said amount is otherwise previously paid, until he shall serve upon the Company competent, legal, and written evidence (a) of the Company's final discharge from the said suretyship, and from all liability by reason of the said bonds and any renewal thereof and any new bonds issued in continuation thereof or as a substitute therefor; (b) of the expiration, without appeal or other review-proceedings, of the time to appeal from and to review any decision, adjudication, or determination directly or indirectly fixing or discharging such liability of the Company.

In the Common Pleas, a judgment was entered for the amount claimed in the petition, with interest.

### OPINION OF COURT.

The following is taken, verbatim, from the opinion.

CUSHING, J.

Clause 1 was construed by the trial court to mean that the indemnitor should, within thirty days, pay to the Casualty Company the premiums that it charged for entering into the contracts with the Cleary-White Construction Company and Cleary and Dubia. In order to arrive at such a conclusion the court, either directly or by construction, must have read into the first clause of the contract, some such words as "all premiums and renewals on premiums due to The Fidelity & Casualty Company of New York from The Cleary-White Construction Company and from Cleary & Dubia."

The law is that, in construing a contract, other words cannot be read into, or added, nor can any be taken away by construction.

This action is based on a written contract.

It is argued that, as there were several surety bonds to be executed by the Casualty Company, that a definite amount could not be inserted in the blank. That may be true, but simple words showing what payments were to be guaranteed would have been sufficient. The parties are bound by their contract. The Court will not make one for them. The Casualty Company cannot recover on the contract sued on this case.

The judgment of the court below will be reversed and judgment will be entered here for the plaintiff in error.

(Hamilton, PJ. and Mills, J., concur.)

---

(Continued from Page 178)

1265. WEIGHT OF EVIDENCE.

See 225. Charge of Court. Travelers Ins. Co. v. Gath, OS. 6 Abs. 190.

Cuyahoga Baking Co. v. Rees, Admr., OA. 6 Abs. 180.

1275. WOMEN.